Hon. Richard A. Brown Counsel to the Governor Executive Chamber The Capitol
This is in response to your request for my opinion concerning the Governor's discretionary power to proclaim a special election for an office of alderman in the City of Oneonta.
At the general election on November 6, 1979, there was a tie vote for the office of Seventh Ward alderman of the Common Council of the City of Oneonta. The term of office for that position begins on January 1, 1980. Your question is whether under the power given the Governor by section 42, subdivision 3 of the Public Officers Law, he may proclaim a special election to fill a vacancy that will exist on January 1, 1980.
This subdivision covers a vacancy that arises by a failure to elect some one to assume an office at the beginning of the political year, January 1, by virtue of the expiration of the term of office of the incumbent.
Section 42, subdivision 3 of the Public Officers Law is applicable unless the City of Oneonta under its constitutional home rule powers has provided a different method for filling an elective office that becomes vacant upon the failure to elect a successor. Section 3.9 of the Oneonta City Charter provides that the mayor and common council are to fill a vacancy in any elective office, the appointee to serve only until the next general election; however, the section specifically excludes a vacancy that occurs "by expiration of the term". Thus, the Oneonta Charter's provision is their "home rule" counterpart of section43 of the Public Officers Law, which covers vacancies that occur "otherwise than by expiration of term". There is no counterpart charter provision to subdivision 3 of section 42 to cover a vacancy that exists by virtue of the expiration of the term.
Since the Oneonta Charter has no provision for filling the vacancy that will exist on January 1, 1980, section 42, subdivision 3 of the Public Officers Law applies. Under that subdivision the Governor has the power in his discretion to proclaim a special election to be held not less than 30 days nor more than 40 days from the date of the proclamation. Since the vacancy is inevitable, the Governor need not wait until January 1, 1980 to proclaim the special election.